**The below described is SIGNED.**

(ts)

**Dated: June 09, 2008**

_____
**WILLIAM T. THURMAN**
**U.S. Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF UTAH

| In re:                     | Bankruptcy Number: 07-25808 |
|----------------------------|-----------------------------|
| **Annette Marie Geib,**    | Chapter 13                  |
|                  Debtor.   |                             |

## MEMORANDUM DECISION

The matter before the Court is the chapter 13 trustee's ("Trustee") objection to Annette Marie Geib's ("Debtor") proposed chapter 13 plan ("Plan"). The Court conducted a hearing on this matter on February 28, 2008, at which the Trustee appeared through counsel, Janci M. Lawes, and Debtor appeared through counsel, David T. Berry and Leasa Tripp. The Trustee objected to confirmation of the Plan on the ground that it does not comply with the disposable income requirement of 11 U.S.C. § 1325(b)(1),[1] because the Plan does not provide for contribution of future tax refunds in excess of $1,000. The Debtor argued that, as a below-median debtor, she is no longer required to contribute her future tax refunds in excess of $1,000

---

[1] Future statutory references are to Title 11 of the United States Code unless otherwise noted.

since enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA").

The Court received evidence and heard oral arguments at the confirmation hearing, and took the matter under advisement. Following the confirmation hearing, the Court requested briefing from the parties in support of their respective positions, and has since received and carefully reviewed those briefs. The Court has now considered the evidence and representations made before it and has made an independent inquiry into applicable case law. The Court hereby issues the following Memorandum Decision.[2]

### I. JURISDICTION AND VENUE

The Court has jurisdiction over this matter under 28 U.S.C. § 157(b)(2)(B) and (L). Venue is appropriate under 28 U.S.C. § 1408(1).

### II. BACKGROUND

The Debtor filed her voluntary petition seeking relief under chapter 13 of the United States Bankruptcy Code on December 3, 2007. The Debtor had no income at the time of filing due to an injury, but was proposing to fund the Plan from her boyfriend's income. Although the Debtor was released to work by her doctor in May 2008, the Debtor remains unemployed.[3]

The Debtor's Schedules I and J show a total monthly income of $2,079 and total monthly expenses of $1,779, resulting in monthly net income of $300. The Debtor's income is composed entirely of contributions from her boyfriend. Based on the Statement of Current Monthly and

---

[2] This Memorandum Decision constitutes the Court's findings of fact and conclusions of law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure.

[3] Debtor's Mem. in Supp. of Confirmation 1.

Disposable Income ("Form B22C"), the Debtor's annualized current monthly income is below the Utah median income.

The Court has learned that Debtor's financial circumstances have changed since the matter was taken under advisement. From the Debtor's Memorandum in Support of Confirmation dated May 20, 2008, the Court has learned that the Debtor's boyfriend has been incarcerated for a DUI since March 2008 and has not yet been released. Additionally, the Debtor has began receiving unemployment at $200 per month. The Debtor further asserts that she has rented out a room in her mobile home as of May 2008 at $250 per month. The Court also notes that Conseco Finance Servicing Corp. ("Conseco"), which is the secured creditor on the Debtor's mobile home, has filed a Motion for Relief from Stay alleging that the Debtor is at least four months delinquent on her mobile home loan payments in the total amount of approximately $1,812.88. From the Trustee's Response to Conseco's Motion for Relief from Stay, it appears that the Debtor is also delinquent on her Plan payments in the total amount of $300 (one month) through June 4, 2008.

The Plan currently proposes payments of $600 per month for two months, following by payments of $300 per month for thirty-four months, with no return to nonpriority unsecured creditors.

On January 30, 2008, the Trustee filed an Objection to Confirmation alleging that the Plan was not feasible due to the inclusion on Schedule I of $96 in income from annualized tax refund.[4] The Trustee asserted that this was "phantom" income because the Debtor did not actually receive it each month and, therefore, it would not be available each month to enable the

---

[4] Mem. in Supp. of Chapter 13 Trustee's Objection to Confirmation 2.

3

Debtor to make her Plan payment of $300 per month.[5]

On February 25, 2008, the Debtor filed amended Schedules I and J removing the annualized tax refund, but did not amend the Plan to provide for the contribution of future tax refunds in excess of $1,000. The Trustee objected to confirmation of the Plan because of exclusion of this provision from the Plan.

### III.   ANALYSIS

The Court was initially prepared to render a decision on the issue of whether the BAPCPA changes to chapter 13 amended the requirement in this District that a below-median debtor must contribute her post-petition tax refunds as "projected disposable income" under § 1325(b)(1)(B). However, based on the recent submissions by the parties highlighting the changes in the current status of the Debtor's income, the Court is faced with a different factual scenario than when it took the matter under advisement. In light of the Debtor's current circumstances, the Court believes that a determination on the contribution of tax refunds is not necessary at this time because the Plan appears non-confirmable on a more threshold ground.[6]

Section 1325 lists several requirements for confirmation of a chapter 13 plan. The most important criterion for the confirmation of a chapter 13 plan "is subsection 1325(a)(6)'s requirement that the court determine whether the chapter 13 debtor will be able to make all

---

[5]   Id.

[6]   Given the unique facts of this case, the Court believes that a detailed analysis on that issue of whether tax refunds still constitute projected disposable income that must be contributed into a chapter 13 plan should be reserved for another time and another case. To address this issue in this case would amount to rendering an advisory opinion because the Plan is not confirmable.

payments under the plan and comply with all other provisions of the plan."[7]  This is often referred to as the "feasibility test."

Under the present circumstances of this case, the Court cannot make the finding that the Plan is feasible for the following reasons.  First, the Plan is entirely funded by contributions from the Debtor's boyfriend who is not a debtor in this case.  Although chapter 13 plans can be funded by non-debtor third parties, in this case the party funding the Plan is currently incarcerated, is not receiving any income at this time, and is therefore unable to contribute to the Plan.  Second, the Debtor's only sources of income at this time are her unemployment benefit payments in the amount of $200 per month and prospective rental income of $250 per month from the rental of a room in her mobile home.  However, the recently filed pleadings in this case show that the Debtor may be having significant difficulty in meeting the obligations to the secured creditor on the mobile home.  In fact, the secured creditor has filed a Motion for Relief from Stay alleging that the Debtor is approximately four months delinquent on her mobile home payments.

In light of the foregoing, the Court is not persuaded that the Debtor will be able to make all payments under the Plan and comply with all other provisions of the Plan.  Accordingly, the Plan is denied confirmation pursuant to § 1325(a)(6).  A separate order will accompany this Memorandum Decision.

_____END OF DOCUMENT_____

---

[7]  8 Alan N. Resnick, Henry J. Sommer & Lawrence P. King, Collier on Bankruptcy § 1325.07 (15th ed. 2007).

Service of the foregoing **MEMORANDUM DECISION** will be effected through the
Bankruptcy Noticing Center to each party listed below.

David T. Berry
Berry & Tripp
5296 South Commerce Drive, Suite 200
Salt Lake City, UT 84107
    *Attorney for Debtor*

Annette Marie Geib
3823 West 180 North
Hurricane, UT 84737
    *Debtor*

Kevin R. Anderson
Janci M. Lawes
405 South Main Street, Suite 600
Salt Lake City, UT 84111
    *Chapter 13 Trustee*

United States Trustee
Ken Garff Bldg.
405 South Main Street, Suite 300
Salt Lake City, UT 84111